UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCECILLA HUNT,

        Plaintiff,

Case No. 11-14067
Hon. Lawrence P. Zatkoff

v.

SELECT PORTFOLIO SERVICING, INC.,

        Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 12, 2012.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Summary Judgment [dkt 13]. Defendant filed a response and counter Motion for Summary Judgment [dkt 15], to which Plaintiff replied. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted, without oral argument. For the following reasons, Plaintiff's Motion is DENIED and Defendant's Motion is GRANTED.

## II. BACKGROUND

**A. FACTUAL BACKGROUND**

On February 9, 2002, Plaintiff Scecilla Hunt refinanced her then-existing mortgage and obtained a loan in the amount of $69,000 (the "Loan") from Homeowner's Loan Corporation ("HLC"). The Loan

was evidenced by a promissory note (the "Note") and secured by a mortgage (the "Mortgage"), both in favor of HLC.

On February 22, 2002, HLC assigned the Note and Mortgage to Countrywide Home Loans, Inc. ("Countrywide"). HLC then lost the original assignment and subsequently completed a replacement assignment on April 4, 2003. The replacement assignment was recorded on December 2, 2003.

On March 27, 2002, Countrywide assigned its rights in the Note and Mortgage to the Federal National Mortgage Association ("Fannie Mae"). This assignment was never recorded.[1]

In May of 2011, Plaintiff defaulted on the Loan. The servicer of the Loan at the time of default, and at all times relevant to this case, was Defendant Select Portfolio Servicing, Inc. ("Select"). In preparing to begin foreclosure proceedings, Select recorded an assignment of the Loan from Countrywide to Select. The recording was dated August 11, 2010, though the assignment appears to have been executed on February 15, 2002. According to Plaintiff, this assignment does not purport to transfer the Note together with the Mortgage, though Select asserts that it physically received the Note from Countrywide, and that Select's counsel currently possesses it.

After recording the assignment from Countrywide, Select referred the Loan to its foreclosure counsel, Orlans and Associates, P.C., which sought to commence foreclosure proceedings by advertisement. Plaintiff then filed this suit in Wayne County Circuit Court.

**B. PROCEDURAL BACKGROUND**

Plaintiff filed her state court Complaint on August 26, 2011, and the case was timely removed to this Court on September 19, 2011. Plaintiff's Complaint named HLC, Countrywide, and Select as

---

[1] Fannie Mae does not take record title to mortgage loans in its own name, but leaves the record owner in the name of a servicer or other previous owner. When Fannie Mae purchases a mortgage loan, it instructs the seller of the loan to either: 1) record the mortgage or an assignment in the name of Mortgage Electronic Registration Systems (MERS); or 2) prepare and deliver—but not record—an assignment from the seller to Fannie Mae. *See* FANNIE MAE SELLER'S GUIDE § B8-6-02, at 936 (2011), *available at*
https://www.efanniemae.com/sf/guides/ssg/sg/pdf/sel012711.pdf.

Defendants. HLC and Countrywide, however, were subsequently dismissed from the case pursuant to stipulations by the parties. *See* dkt. 10, 14.

In her Complaint, Plaintiff challenges Select's right to foreclose by advertisement, asserting the following Counts: Invalidity of the Mortgage (Count I); Slander of Title (Count II); Select is not a Holder of the Note (Count III); Select is not a Holder in Due Course (Count IV); Select is not a Real Party in Interest (Count V); Quiet Title (Count VI); Conversion (Count VII); and Injunctive Relief (Count VIII).

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

### A. STANDING

The crux of Plaintiff's argument is that defective or flawed assignments corrupt the chain of title and preclude Select's standing to foreclose under Michigan's foreclosure by advertisement statute. Select responds that Plaintiff—as a non-party to the challenged assignments—has no standing to dispute the validity of the assignments and that, irrespective of this, the assignments in question were nevertheless valid.

*1. Chain of Title*

Plaintiff claims that Countrywide's assignment to Select—executed on February 15, 2002, and recorded August 11, 2010—was invalid because Countrywide could not have executed the February 15, 2002, assignment since it did not receive an assignment from HLC until February 22, 2002. Additionally, Plaintiff asserts that the unrecorded assignment from Countrywide to Fannie Mae on March 23, 2002, occurred before the assignment from Countrywide to Select was recorded (on August 11, 2010), further invalidating Select's right to foreclose by advertisement.

According to Select, it is common practice for interim loan owners to execute assignments "in blank"—*i.e.*, assignments in which the transferee/holder is authorized to, at a later time, fill in the blanks with terms consistent with the parties' intent. Select states that this practice explains the early date of execution, and much later use of, the assignment to Select.

First, the Court finds that Plaintiff provides no legal authority to support her theory that the record chain of title is invalidated by a purported flaw affecting the validity of transfer. *See Livonia Properties*

4

*Holdings, LLC v. 12840-12976 Farmington Road Holdings*, LLC, 399 Fed. App'x. 97, 102 (6th Cir. 2010) (finding that the plaintiff presented no authority for the proposition that the record chain of title is destroyed by an irregularity affecting the validity of a transfer, and that even if the transfer were invalidated, the public record would remain as it is, and the record chain of title would not be disturbed). Rather, any irregularity in the assignments would not necessarily invalidate Select's right to foreclose. *Id.* (rejecting arguments that a defective or flawed assignment corrupts the chain of title).

Moreover, even if irregularities were fatal to the chain of title, the Court finds that Plaintiff has failed to establish such irregularities. Michigan law permits assignments "in blank." *See e.g., McCurdy v. Van Os*, 290 Mich. 492, (1939) (holding assignment in blank sufficient to release assignor, where bank took possession of assignment and related original documents and exercised control over property consistent with having released assignor from obligations); *Mason Lumber Co. v. Collier*, 74 Mich. 241 (1889) ("an assignment, like the one in question here, if filled in with the name of an assignee, after deliver[y] in blank, with the consent of the assignor, would become operative and valid in the party whose name was thus inserted."). Thus, the date of execution of the assignments in question, in relation to the date the assignment from Countrywide to Select was recorded, is immaterial to the issue of a valid, record chain of title.

Second, irrespective of Plaintiff's failed claims, Select has in fact established a record chain of title as required by Michigan's foreclosure by advertisement statute.[2] The statute requires only a *record* chain of title evidencing the assignment of the mortgage to the foreclosing party; an unrecorded chain of title evidencing any interim interests is not required. *See Arnold v. DMR Fin. Svcs. Inc.*, 448 Mich. 671,

---

[2] Michigan's foreclosure by advertisement statute provides in relevant part:

> If the party foreclosing a mortgage by advertisement is not the original mortgagee, *a record chain of title* shall exist prior to the date of sale under section 3216 *evidencing the assignment of the mortgage to the party foreclosing the mortgage.*

Mich. Comp. Laws § 600.3204(3) (emphasis added).

676–78 (1995) ("the mortgagor was not affected by the fact that others had an unrecorded interest in the mortgage[.]")  Only substantial compliance with the foreclosure statute is required; "[s]light and inconsequential irregularities" do not invalidate a foreclosure by advertisement. *Id.*  In short, all that is required for Select to foreclose under this section is a chain of recorded assignments that ultimately leads to Select.

In this case, the parties provide recorded documents showing that:

1. On February 9, 2002, Plaintiff executed the Mortgage in favor of Homeowners;

2. On February 20, 2002, Homeowners recorded the Mortgage;

3. On December 2, 2003, an assignment from Homeowners to Countrywide was recorded;

4. On August 11, 2010, an assignment from Countrywide to Select was recorded.

As such, there exists a chain of recorded instruments linking Plaintiff to HLC, HLC to Countrywide, and Countrywide to Select—thereby giving Select the right to foreclose by advertisement.

Third, it appears that Select may rightfully foreclose on the Property by virtue of the fact that Select was the servicer of the Loan.  The Michigan Supreme Court has stated that a servicing agent is in the category of parties delineated by Mich. Comp. Laws § 600.3204(1)(d) as one that has an "interest in the indebtedness" of a mortgage on property foreclosed by advertisement. *See Residential Funding Co., LLC v. Saurman,* 490 Mich. 909, 910 (2011).  Plaintiff does not dispute that Select was servicing the Mortgage.  As such, Plaintiff's argument that Select lacks standing to foreclose on the Property is without merit.

### 2. *Plaintiff's Standing to Challenge the Assignments*

Even if there were defects in the assignments discussed above, and even if such defects would destroy the chain of title, Plaintiff nevertheless lacks standing to raise such defects.  Plaintiff is not a party

to the assignments in question. Neither Countrywide nor HLC disputes the assignments, and in fact, both state that they have no interest in the Note, Mortgage, or Property. State and federal courts of Michigan have widely rejected similar arguments by parties challenging the validity of the chain of title when the challenging party is not privy to the challenged assignments. *See Livonia Properties*, 399 Fed. App'x. at 102 (rejecting arguments that a defective or flawed assignment corrupts the chain of title because, among other reasons, "a litigant who is not a party to an assignment lacks standing to challenge that assignment.") (internal quotation marks and citations omitted); *Saurman,* 490 Mich. at 910 (finding that that the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security); *Jarbo v. BAC Home Loan Serv.*, No. 10–12632, 2010 WL 5173825, *8 (E.D. Mich. Dec. 15, 2010) (same). Therefore, Plaintiff—as a non-party to the assignments in question—lacks standing to challenge the validity of the assignments as a basis of invalidating Select's right to foreclose.

Having found that Plaintiff lacks standing to challenge the validity of the assignments in question and that Select has provided a record chain of title, all of Plaintiff's Counts must fail. The Court will nevertheless briefly address each Count in turn.

**B. PLAINTIFF'S COUNTS**

*1. Count I – "Mortgage is Invalid and Unenforceable"*

Plaintiff claims in Count I that the "Mortgage is invalid and unenforceable" because Select does not have possession of the original Note and does not have valid, clear legal title to the original Note. While this does not appear to be a cognizable cause of action, Plaintiff's claim is nevertheless incorrect. The parties agree that at all times relevant, Select was the servicer of the Loan. Additionally, Select has stated—and Plaintiff does not dispute—that Select currently possesses the Note. This Count thus fails as a matter of law.

*2. Count II – Slander of Title*

In Count II, Plaintiff asserts a claim of slander of title against Select, claiming that Select maliciously recorded the purportedly invalid assignment from Countrywide to Select. The Court disagrees. To maintain an action for slander of title, a plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury. *Stanton v. Dachille,* 186 Mich. App. 247, 262 (1990). Notwithstanding the fact that, as discussed above, Plaintiff has no standing to challenge the assignments, she has nevertheless failed to establish either how the Mortgage assignment constitutes a lien or that Select recorded the assignment with intent to cause Plaintiff injury. As such, this claim fails as a matter of law.

### 3. Count III – Select Not Holder of Original Note

As noted, Select claims to possess the Note and has attached it to its response brief. Plaintiff has not disputed this. As such, this claim fails as a matter of law.

### 4. Count IV – Select Not Holder in Due Course of the Original Note; Count V – Select Not Real Party in Interest

Plaintiff claims that Select is not a holder in due course of the Note (Count IV) and as a result, is not a real party in interest (Count V). Plaintiff, however, fails to provide any legal authority to show that Select must be a holder in due course before rightfully foreclosing on the Property. In fact, in his reply brief, Plaintiff does not even mention this issue, and thus does not rebut Select's argument that the claim is without merit. Select, as holder of the Note, is entitled to enforce its terms. *See* Mich. Comp. Laws § 440.3301. As such, these Counts fail as a matter of law.

### 5. Count VI – Quiet Title

In Count VI of the Complaint, Plaintiff appears to seek a judgment quieting title to the Property. In quiet-title actions, the burden of proof is on the party seeking to establish clear title and that party must set forth a *prima facie* case that they have title to the disputed property. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550 (1999) (citation

omitted). If the plaintiff establishes a *prima facie* case, the burden of proof shifts to the opposing party to establish superior right or title to the property. *Id.* at 550 (citation omitted).

Plaintiff has not established a *prima facie* case of title because, as discussed above, Select has standing to foreclose as the Loan servicer and as holder of both the Note and the Mortgage. Plaintiff has neither provided a reason for the Court to invalidate Select's standing to foreclose nor a reason why she has superior title, nor has she alleged any irregularity in the foreclosure process itself. Therefore, this Count fails as a matter of law.

### 6. Count VII – Conversion

In Count VII, Plaintiff claims that Select was not the rightful servicer of the Loan, and that the payments that Plaintiff made to Select for more than 8 years were converted by Select for its own use. Plaintiff's claims are baseless, and perhaps disingenuous to the Court.

First, Plaintiff postulates that a servicer must hold the Note or own the Loan before receiving payments from a debtor. Once again, however, Plaintiff cites no legal authority to support this contention. Notwithstanding this, Plaintiff willingly sent payments to Select, and the payments were credited to her account as provided in the loan documents. Moreover, Plaintiff received monthly and year-end statements in connection with her payments. There is nothing to indicate that, in the 8 years Plaintiff was purportedly sending payments to Select, she even once questioned whether her payments were misapplied, disputed Select's role as servicer, or whether Select was converting Plaintiff's payments. This Count therefore fails as a matter of law.

### 7. Count VIII – Injunctive Relief

In Count VIII, Plaintiff attempts to "claim" injunctive relief. An injunction, however, is a form of relief, not a cause of action. *See Terlecki v. Stewart*, 278 Mich. App. 644, 663 (2008) ("[i]t is well settled that an injunction is an equitable remedy, not an independent cause of action"). Nevertheless, all

9

of Plaintiff's claims for which relief may have been granted fail as a matter of law. Plaintiff is therefore not entitled to injunctive, or other, relief.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [dkt 13] is DENIED.

IT IS FURTHER ORDERED that Select's Motion for Summary Judgment [dkt 15] is GRANTED.

IT IS SO ORDERED.

Date:   December 12, 2012

s/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
U.S. DISTRICT JUDGE